# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES T. COLEMAN, DMD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-13015** |
| **AFFORDABLE CARE INC., ET AL.** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motions to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure filed by defendants: Affordable Care, Inc.; Affordable Care, LLC; John A. Faller, DDS; and, Dr. Robert Starnes, DDS, A Professional Dental Corporation (Docs. #22 and 23), are **GRANTED**, and plaintiff's complaint is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement the Record with the State Court's Judgment of Voluntary Dismissal Without Prejudice (Doc. #27) is **GRANTED** as to supplementing the record. The motion is **DENIED** with respect to finding that the defendants' motions to dismiss are moot.

## BACKGROUND

This matter is before the court on defendants' motions to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

Plaintiff, Charles T. Coleman, DMD, who is a citizen of Louisiana and proceeding *pro se*,[1] filed this action against defendants alleging claims arising under Louisiana law for illegal eviction, intentional infliction of emotional distress, interruption of business, defamation, breach of contract, fraud in the inducement, unfair competition, tortious interference with a contract, and illegal practice

---

[1] Because plaintiff is proceeding *pro se*, the court must construe his pleadings liberally. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). However, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

of dentistry. Defendants, Affordable Care, Inc.; Affordable Care, LLC; John A. Faller, DDS; and, Dr. Robert Starnes, DDS, A Professional Dental Corporation, filed a motion to dismiss arguing that this court lacks subject matter jurisdiction because there is not complete diversity of citizenship between the plaintiff and defendants.[2] Faller and Starnes, like Coleman, are citizens of Louisiana. Coleman argues that he has a right to file suit against the defendants in whatever court he chooses.

## ANALYSIS

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id.

Pursuant to 28 U.S.C. § 1332, a federal court has original subject matter jurisdiction over matters alleging state-law claims in which there is complete diversity between the plaintiff and defendants, and the amount in controversy exceeds $75,000. Complete diversity means that all persons on one side of the controversy must be citizens of different states than all persons on the

---

[2] Defendants also argue that this court should refrain from hearing this case under the Colorado River Abstention Doctrine because there is a parallel state court proceeding. Coleman filed a motion to supplement the record in this case with the order entered in the state court proceeding dismissing Coleman's reconventional demand without prejudice. Coleman argues that the Colorado River abstention doctrine does not apply because there is no longer a parallel state court proceeding. However, Coleman does not address defendants' arguments regarding diversity subject matter jurisdiction under 28 U.S.C. § 1332.

other side. McLaughlin v. Miss. Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (citing Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968)).

Coleman is a citizen of Louisiana. In their motion to dismiss, Faller and Starnes establish that they are citizens of Louisiana. Thus, there is not complete diversity, and this court lacks diversity subject matter jurisdiction.

Coleman has filed three motions to amend his complaint. One motion seeks to add claims arising under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964, *et seq.*, and the other two motions seek to add additional parties and attach exhibits to the complaints. A RICO claim falls under this court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over all civil actions arising under the laws of the United States. However, a claim made in an "amended complaint cannot be relied upon to establish subject matter jurisdiction because while a plaintiff may amend a complaint to cure inadequate jurisdiction allegations, the amendment may not create subject matter jurisdiction when none exists." In re Katrina Canal Breaches Litig., 342 Fed. Appx. 928, 931 (5th Cir. 2009) (citing 3 James Wm. Moore, *et al.*, Moore's Federal Practice § 15.1[3],, at 15-34 (3d ed. 1999) ("Essentially, a plaintiff may correct the complaint to show that jurisdiction does in fact exist; however, if there is no federal jurisdiction, it may not be created by amendment.")). The United States Court of Appeals of the Fifth Circuit "has specifically held that an amendment may not remedy a jurisdictional defect by asserting a cause of action to serve as a statutory basis for federal question jurisdiction." Id. (citing Whitmire v. Victus Ltd., 212 F.3d 885, 888 (5th Cir. 2000)). Thus, even if Coleman were to be granted leave to file the amended complaint asserting the RICO claim,

this civil action must be dismissed because this court lacks subject matter jurisdiction over the original complaint. Defendants' motions to dismiss are GRANTED.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motions to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure filed by defendants: Affordable Care, Inc.; Affordable Care, LLC; John A. Faller, DDS; and, Dr. Robert Starnes, DDS, A Professional Dental Corporation (Docs. #22 and 23), are **GRANTED**, and plaintiff's complaint is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement the Record with the State Court's Judgment of Voluntary Dismissal Without Prejudice (Doc. #27) is **GRANTED** as to supplementing the record. The motion is **DENIED** with respect to finding that the defendants' motions to dismiss are moot.

New Orleans, Louisiana, this  4th   day of April, 2018.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**